KATHERINE JOHNSON (CA SBN 259854)
JOSEPH C. DELMOTTE (CA SBN 259460)
CASPER RANKIN (CA SBN 249196)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS THROUGH CERTIFICATE FOR WMALT 2006-AR4 TRUST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>DANIEL GEORGE MCLORIN,<br><br>　　　　Debtor(s). | Case No. 09-71326<br><br>Chapter 7<br><br>R.S. No. CJR-446<br><br>DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>DATE:　　February 5, 2010<br>TIME:　　11:00AM<br>CTRM:　　201<br><br>1300 Clay Street, Suite 300<br>Oakland, CA 94604-1426 |

　　　　I, Penny Aston, declare:

　　　　1.　　I am employed as a Bankruptcy Supervisor by JPMorgan Chase Bank, N.A. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding U.S. Bank, National Association as trustee for WAMU Mortgage Pass Through Certificate for WMALT 2006-AR4 Trust ("Movant") interest in the real property that is the subject of this Motion.

- 1 -

2. I am employed by JPMorgan Chase Bank, N.A., the authorized loan servicing agent for Movant and I am duly authorized to make this declaration on behalf of Movant.

3. I am familiar with the manner and procedures by which JPMorgan Chase Bank, N.A.'s business records are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by JPMorgan Chase Bank, N.A.'s employees or agents in the performance of their regular business duties at or near the time, and conditions, and/or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge and/or access to JPMorgan Chase Bank, N.A.'s business records regarding the Note and Deed of Trust that are the subject of this action and have personally reviewed these business records prior to executing this declaration.

4. On or about February 16, 2006, Debtor, for valuable consideration, made, executed and delivered to Alliance Bankcorp ("Lender") a Note in the principal sum of $297,500.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing April 1, 2006, and continuing until March 1, 2036, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

5. Movant is the current owner of the note and is entitled to enforce the provisions of the Note and Deed of Trust.

6. On or about February 16, 2006, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 5619 Edgerly Street, Oakland, California 94621 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on March 15, 2006, in the Official Records of Alameda County, State of California. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

/./././

7. Subsequently, Lender's beneficial interest in the Note and Deed of Trust was sold, assigned and transferred to Movant. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached hereto as exhibit C and incorporated herein by reference.

8. On June 1, 2006, Movant entered into a loan servicing agreement with JPMorgan Chase Bank, N.A. According to the loan servicing agreement, JPMorgan Chase Bank, N.A. has the contractual right and responsibility to service the obligations under the Note and Deed of Trust for Movant.

9. As the loan servicer, JPMorgan Chase Bank, N.A. acts as an agent for Movant and is responsible for the administration of the loan until the loan is paid in full, assigned to another creditor, or the servicing rights are transferred. Administering the loan includes sending monthly payment statements, collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting monies tendered under the Note to Movant, following up on loan delinquencies, home loan workouts and home retention programs, and other general customer service functions. Further, in the event of a default under the terms of the Note or Deed of Trust, JPMorgan Chase Bank, N.A. is authorized by Movant under the terms of the loan servicing agreement to enforce the terms of the Deed of Trust.

10. The obligation under the Note is in default as of July 1, 2008, for failure to make payments to Movant. As of December 1, 2009, the total obligation due and owing under the Note is in the approximate amount of $368,585.90, representing the principal balance of $325,010.62, interest in the sum of $27,663.75, escrow advances in the amount of $14,504.47, and a recoverable balance in the amount of $2,115.42, less suspense of <$708.36>. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of

1 | $65,484.34, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A true and correct copy of the contractual payment accounting pursuant to Local Rule 4001-1(g)(1) is attached hereto as exhibit D and incorporated herein by reference.

11. I am informed and believe that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is approximately $234,000.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached hereto as exhibit E and incorporated herein by reference.

12. Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $234,000.00 |
| Less: | |
|    Movant's Trust Deed | $368,585.90 |
|    Costs of Sale (8%) | $18,720.00 |
| Equity in the Property: | $<153,305.90> |

13. Debtor's Statement of Intent indicates it is the intent of the Debtor to surrender the Real Property in full satisfaction of Movant's secured claim. A true and correct copy of the Debtor's Statement of Intent is attached hereto as exhibit F and incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31 day of December, 2009, at Florence, South Carolina (city, state).

*Penny Aston*
Bankruptcy Supervisor